(158 App. Div. 490.)

## In re SWEENEY.

(Supreme Court, Appellate Division, Third Department. October 24, 1913.)

1. ELECTIONS (§ 126*)—PRIMARIES—COUNT OF VOTES—VARIATION IN NAMES.

Where, in a primary election, one vote was cast for "Henry V. B.," three votes for "H. V. B.," and two votes for "Harry V. B.," and the affidavits showed that "Henry V. B." was commonly known within the district as "H. V. B." but did not state that he was known as "Harry V. B.," and it appeared that he had a son who was known as "Harry V. B.," the presumption is that the votes for "Harry V. B." were cast for the son, and they cannot be counted for "Henry V. B."

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

2. ELECTIONS (§ 154*)—PRIMARIES—CONTESTS—DETERMINATION BY COURT.

Where there were only 15 votes cast for the nomination for Justice of the Supreme Court at the primary of a party in a judicial district consisting of 11 counties, the court should not strain a point in order to give the nomination to one who was not a member of the party and whose candidacy was expressly objected to by the official organization of that party.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Appeal from Special Term, Schenectady County.

Petition of Daniel J. Sweeney, Chairman of the Socialist Committee of the County of Schenectady, against the Commissioners of Election of the County of Montgomery, to review their action in the matter of making returns from the tally sheets and inspectors' returns at a primary election in said county, and to correct the returns made by such commissioner. From an order of the Supreme Court denying the petitioner's application, he appeals. Reversed, and petition granted.

Argued before SMITH, P. J., and LYON, HOWARD, WOODWARD, and CHESTER, JJ.

Fryer & Lewis, of Schenectady (Charles G. Fryer, of Schenectady, of counsel), for appellant.

Andrew J. Nellis, of Albany, for respondents Commissioners of Elections, Montgomery County.

Thomas Carmody, Atty. Gen. (Joseph A. Kellogg, of Glens Falls, and Claude T. Dawes, of New York City, of counsel), for Secretary of State.

Henry Leon Slobodin, of New York City, for the State Socialist Party.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. [1] It appears from the record that the tally sheets as presented to the Justice of the Supreme Court from whose order this appeal is taken showed that Henry V. Borst received one vote, H. V. Borst three votes, and Harry V. Borst two votes, for the office of Justice of the Supreme Court; that William Siebe received three votes, Wm. Siebe received one vote, and W. Siebe one vote; and four votes were cast for other candidates.

The only question for our determination is, assuming that the votes for H. V. Borst and for W. Siebe should be counted for Henry V. Borst and William Siebe, whether the two votes for Harry V. Borst should be counted for Henry V. Borst, thus giving him six votes for the nomination, while Siebe had only five.

The affidavit in support of the respondents here, while carefully stating that Henry V. Borst was commonly known within the district either as "Henry V. Borst" or as "H. V. Borst," fails to state that he was known anywhere in the district as "Harry V. Borst." On the contrary, it appears that he has a son whose name is "Harry V. Borst" and who is known by that name, and the legal presumption is that the ballots cast for Harry V. Borst were intended for the son of Henry V. Borst and not for Henry V. Borst himself. This Harry V. Borst is a law student, within the district, and the papers fail to state his exact age.

[2] The Fourth judicial district consists of 11 counties, and in these counties only 15 votes were cast in the primaries of the Socialist party for the office of Justice of the Supreme Court. These 15 votes were all in two counties, thus leaving 9 counties in which not a single vote was cast. The 15 votes cast make an average of about 1⅓ votes in each of these counties, and in the interest of justice no court ought to strain a point to give the nomination to a candidate not a member of the party nominating, and especially when his candidacy is expressly objected to by the official organization of that party.

With these conclusions, it must follow that the plurality of the votes cast for the office of Justice of the Supreme Court in the official primary of the Socialist party were cast for William Siebe, a member of the Socialist party, and that the Secretary of State has improperly certified that Henry V. Borst was nominated for the position, and that the prayer of the petition should be granted, and said certificate of nomination should be canceled.